CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 31 2012

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| VERONICA I. GIVENS, | ) |
| Plaintiff, | ) |
| | ) Case No. 5:09-cv-00076 |
| v. | ) |
| | ) By: Hon. Michael F. Urbanski |
| WASHINGTON MUTUAL, et al., | )      United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on the motion of Washington Mutual, Inc. Liquidating Trust, as successor in interest to Washington Mutual, Inc. (collectively referred to herein as "Washington Mutual") to dismiss plaintiff Veronica I. Givens' complaint pursuant to the Federal Rules of Civil Procedure 12(b)(6), 41(b), or, in the alternative, 12(c).[1] For the reasons set forth below, the defendant's motion to dismiss (Dkt. # 24) Givens' complaint, treated as a motion for summary judgment, is **GRANTED** and the case is **DISMISSED** with prejudice.

### I.

On September 26, 2008, Washington Mutual voluntarily filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the District of Delaware,[2] triggering an automatic stay "applicable to all entities of – (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). On September 29, 2009, plaintiff Veronica I. Givens, proceeding pro se, filed the instant complaint

---

[1] In support of the motion to dismiss, defendant refers to pleadings filed in the bankruptcy court in Delaware. As such this motion is treated as one for summary judgment under Rule 56. See Fed. R. Civ. P 12(d).
[2] Case is administered under case number 08-12229.

alleging, inter alia, violations of The National Bank Act. Although the complaint is difficult to parse, Givens appears to allege that Washington Mutual violated the law by improperly assigning her mortgage.[3] On October 8, 2009, Washington Mutual filed a Suggestion of Bankruptcy with this court.

On October 13, 2009, the court stayed this case pending the conclusion of bankruptcy proceedings involving Washington Mutual and required counsel to file quarterly status reports. The court also required that Givens file a notice indicating whether she still wished to proceed "[a]fter a bankruptcy petition has resulted in [the] case being stayed for a period of at least one year." (Dkt. # 5). Givens has filed no such notice; rather, on March 26, 2010, she filed a "Notice for Settlement, Closure and Termination," that appears to have been a settlement offer. The court denied Givens' motion because the stay remained in effect.

On February 24, 2012, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order Confirming the Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, effective March 19, 2012. This plan established the Washington Mutual Liquidating Trust to liquidate and distribute Washington Mutual's remaining assets as of the effective date.

On April 17, 2012, defendant moved to dismiss Givens' complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 41(b), or, in the alternative, 12(c). That same day, the court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), advising Givens of her right to file material responses to defendant's dispositive motion. Additionally, the court sent Givens a letter dated April 19, 2012 asking her to contact chambers by May 11, 2012

---

[3] Givens additionally names John A. Maciel, President and Chief Operating Officer, or assignee, and John C. Dugan, Comptroller of Currency, in the caption of her complaint. Givens refers to Maciel as an agent of Washington Mutual, and the allegations appear to be directed at him in his official capacity. Although Dugan is listed as a separate defendant in the caption of the complaint, Givens does not appear to allege any claims against him in the body of the complaint, and he was never served.

2

if she wanted to schedule a hearing on the motion to dismiss. Givens neither filed a response to the motion nor contacted the court to set it down for hearing. The motion to dismiss is, therefore, ripe for adjudication.

## II.

Defendant argues that Givens' claims should be dismissed pursuant to Rule 12(b)(6) or Rule 12(c) for the following three reasons. First, defendant asserts that sections 41.2 and 41.3 of the Seventh Amended Joint Plan of Affiliated Debtors discharge Washington Mutual from any and all liability relating to this case and enjoin plaintiff from proceeding as to Washington Mutual. Second, Washington Mutual argues that to the extent Givens seeks to recover for actions arising before the commencement of Washington Mutual's Chapter 11 petition, such action was commenced in violation of the automatic stay, and all actions taken in violation of the stay are void. Third, Washington Mutual claims that it is an improper defendant in this action regardless of its bankruptcy because, as a former savings and loan holding company, Washington Mutual was not directly engaged in the mortgage-lending or servicing businesses implicated in the complaint.

Although pleadings filed by a pro se party must be "liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted), under Rule 12(b)(6), a complaint will be dismissed if "it appears certain that [plaintiff] can prove no set of facts that would support his claim and would entitle him to relief." Smith v. Sydnor, 184 F.3d 356, 361 (4th Cir. 1999). The court must accept all of the complaint's well-pleaded allegations and view them in a light most favorable to the plaintiff. Id. However, this requirement applies to the facts alone and not to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In addition, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

3

misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 1950 (internal quotation marks omitted). "Factual allegations must be enough to raise a right of relief above the speculative legal, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

Givens' complaint must be dismissed pursuant to Rule 12(b)(6) because it "fails to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). First, Washington Mutual filed for Chapter 11 Bankruptcy on September 26, 2008, which triggered an automatic stay against the commencement of any judicial action that could have been commenced before that time. Pursuant to 11 U.S.C. § 362(c)(2)(C), an automatic stay remains in effect "[until] the time a discharge is granted or denied." On September 29, 2009, when Givens commenced her action, the automatic stay remained in effect because no discharge had been granted or denied. All actions taken in violation of an automatic stay are void; therefore, Givens is not entitled to relief. Second, 11 U.S.C. § 1141(d)(1)(A) provides that the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation whether or not a proof of claim is filed and whether or not the holder of such claim has accepted the plan. Therefore, as the confirmation of the Seventh Amended Joint Plan of Affiliated Debtors lifted the stay, it also discharged defendant of any debt occurring prior to the plan's confirmation on February 24, 2012. Consistently, section 41.2 of that plan provides that "[u]pon the Effective Date, the Debtors and the Reorganized Debtors shall (i) be deemed discharged under section1141(d)(1)(A) of the Bankruptcy Code and released from any and all Claims and any other obligations, suits,

4

judgments, damages, debtors rights, remedies, causes of action, or liabilities." In re Washington Mut., Inc., et al., No. 97590, 2012 WL 1563880, at *96 (Bankr. D. Del, Mar. 19, 2012). Pursuant to section 41.3 of the Plan, "all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged ... are permanently enjoined, from and after the Effective Date, for (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged." In re Washington Mut., Inc., et al., No. 97590, 2012 WL 1563880, at *97 (Bankr. D. Del, Mar. 19, 2012). Therefore, Washington Mutual is discharged from any and all liability arising before the effective date of the plan, March 12, 2012, including Givens' pre-2009 allegations.[4]

Since the stay has been lifted pursuant to 11 U.S.C. § 362(c)(2) and the plan has been confirmed, the defendants are, therefore, discharged from any debt arising before that time and can have no liability to Givens.[5]

### III.

Defendant moves to dismiss under Rule 41(b) because, for more than two years, Givens has failed to comply with the October 13, 2009 court order which required her to file a notice indicating whether she still wished to proceed as to any claims against Washington Mutual "[a]fter a bankruptcy petition has resulted in [the] case being stayed for a period of at least one year." (Dkt. # 5). Defendant also points out that Givens has not updated the court with her phone number.

---

[4] Analysis of defendant's claim that Washington Mutual is an improper defendant is not necessary because the defendant's Rule 12(b)(6) motion will be granted on the merits of the other arguments.
[5] To the extent Givens' complaint references fraud that might be prohibited from bankruptcy discharge under 11 U.S.C. § (a)(2)(A), her references to fraud do not state a valid claim for fraud upon which relief can be granted. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

5

Rule 41(b) states that "a defendant may move to dismiss the action or any claim against it ... [i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). The court has "inherent power" to clear its docket of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). "The federal courts possess undisputed authority to control their dockets and to dismiss those cases that plaintiffs fail to prosecute." Ames v. Standard Oil Co. (Ind.), 108 F.R.D. 299, 301 (D.D.C. 1985). According to the Court of Appeals for the District of Columbia, "[a] Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." Bomate v. Ford Motor Co., 761 F.2d 713, 714 (D.C. Cir. 1985). "Considering a dismissal for failure to prosecute is a highly factual inquiry, to be determined upon a consideration of all pertinent circumstances." Ames, 108 F.R.D. at 302. "A lengthy period of inactivity may ... be enough to justify dismissal under Rule 41(b) ... particularly ... if the plaintiff has been previously warned that [she] must act with more diligence." Smith-Bey v. Cripe, 852 F.2d 592, 594 (D.C. Cir. 1988) (internal quotation marks omitted). Additionally, "[d]ismissal for failure to prosecute is particularly appropriate when such a failure is coupled with disobedience to court orders or a disregard of established rules." Ames, 108 F.R.D. at 302. A district court's decision in this regard "will be reversed only upon a finding of abuse of discretion." Bomate, 761 F.2d at 714.

Givens' complaint must be dismissed under Rule 41(b) because Givens has failed to prosecute as well as failed to comply with a court-ordered notice. Givens has not indicated whether she wishes to proceed as to the defendant for more than two years; she has ignored the court's notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), advising her of her right to file material responses to defendant's dispositive motion; and she has not

6

responded to the court's April 19, 2012 letter asking her to contact chambers by May 11, 2012 if she wanted to schedule a hearing on the defendant's motion to dismiss.

## IV.

For these reasons, the defendant's motion to dismiss (Dkt. #24), treated as a motion for summary judgment under Rules 12(d) and 56, is **GRANTED**.

An appropriate Order will be entered.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the plaintiff and to counsel of record.

Entered: July 27, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge